STATE OF NORTH CAROLINA v. PALMER WATSON

No.745SC264

(Filed 1 May 1974)

1. **Constitutional Law § 32— written waiver of counsel in district court — appeal to superior court**

   Where defendant executed a written waiver of counsel prior to his trial in the district court and the district judge certified that defendant had been fully informed of the charges against him and of his right to counsel, and upon his appeal to superior court the judge of the superior court reviewed the written waiver and district judge's certificate and informed defendant of his right to court-

appointed counsel if he were indigent, it was not necessary for defendant to execute another written waiver of counsel or for the superior court judge to make findings of fact since G.S. 7A-457 does not require successive written waivers at each court level of the proceeding and the burden was on defendant to show that he desired to withdraw the waiver and have counsel assigned for him.

2. **Constitutional Law § 30— speedy trial**

Defendant was not denied the right of a speedy trial upon three assault charges where the offenses occurred on 29 February 1972, the warrants were issued on that day but were not served until 15 June 1973, and defendant was tried on 3 October 1973.

3. **Criminal Law § 83— assault on wife — wife's testimony against husband**

In a trial of defendant for assault upon his wife and assault with a deadly weapon upon two other persons, the trial court properly permitted defendant's wife to testify against defendant as to the assault on her.

4. **Assault and Battery § 17— simple assault**

Sentence in excess of 30 days for simple assault was erroneous.

APPEAL by defendant from *Cohoon, Judge,* 7 October 1973 Session of NEW HANOVER Superior Court.

Heard in the Court of Appeals 16 April 1974.

Defendant was tried on three warrants: No. 72CR17199, being a charge for a simple assault upon his wife, Annie Watson; No. 72CR17200, being an assault with a deadly weapon, a pocketknife, upon Norma Jean Eason, cutting her on both arms and hitting her on the head; No. 72CR17198, being an assault with a deadly weapon, a pocketknife, on William Hawkins by stabbing him in the back. These three warrants were issued 29 February 1972, and the offenses charged were on that date. The three warrants were served on 15 June 1973.

On 20 July 1973, the defendant wrote the district court requesting that he be brought back from prison and tried on the warrants because with the warrants outstanding, he was not eligible for either work release or parole.

On 3 September 1973, the defendant filed a paper entitled Habeas Corpus for Dismissal of Charges.

On 3 October 1973, the defendant was tried in the district court and at that time in writing executed a waiver of his right to have counsel assigned to him. This waiver was as follows:

"WAIVER OF RIGHT TO HAVE ASSIGNED COUNSEL

The undersigned represents to the Court that he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands. The undersigned now states to the Court that he does not desire the assignment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

PALMER WATSON

(Sworn to this 3 day of Oct., 1973.)

CERTIFICATE OF JUDGE

I hereby certify that the above named person has been fully informed in open Court of the nature of the proceeding or of the charges against him and of his right to have counsel assigned by the Court to represent him in this case; that he has elected in open Court to be tried in this case without the assignment of counsel; and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

This the 3 day of Oct., 1973.

GILBERT H. BURNETT
Signature of Judge"

In the district court, judgment was entered imposing a sentence upon the defendant in one case of two years to commence at the expiration of a sentence he was then serving; in another case, two years to commence at the expiration of the first two-year sentence; and in the simple assault case, a sentence of 30 days to commence at the expiration of the second two-year sentence.

From the imposition of the sentences in the district court, the defendant appealed to the superior court.

Prior to his arraignment in the superior court, the record discloses the following:

"Prior to Arraignment the Trial Judge, the Honorable Walter W. Cohoon, reviewed the written waiver of counsel

executed by the defendant in District Court and the Certifi-
cate of the Honorable Gilbert H. Burnett, District Court
Judge, which stated that the defendant had been advised
of his right to counsel, the nature of the charges against
him, and that notwithstanding this the defendant waived
his right to counsel. The Honorable Walter W. Cohoon then
advised the defendant, in Open Court, that he had the right
to have an attorney represent him in Superior Court even
though he had waived counsel in the District Court. The
Judge also advised the defendant that an attorney would be
appointed to represent him if he was not able to afford one.

The defendant indicated in Open Court that he under-
stood this right and that he did not want an attorney to
represent him."

The defendant entered a plea of not guilty to each of the
three charges. The three cases were consolidated for trial, and
the defendant was found guilty in each case. In the case charg-
ing assault with a deadly weapon on William Hawkins, the de-
fendant was sentenced to imprisonment for not less than 20
nor more than 24 months to begin at the expiration of any and
all sentences previously imposed and which the defendant was
serving at that time. In the case charging assault with a deadly
weapon upon Norma Jean Eason, the defendant was sentenced
to imprisonment for not less than 12 nor more than 18 months,
this sentence to commence at the expiration imposed in the pre-
ceding case. In the case charging him with simple assault upon
Annie Watson, a sentence was imposed committing the defend-
ant to imprisonment for not less than three nor more than six
months, this sentence to commence at the expiration of the pre-
ceding sentence.

From the three judgments imposed, the defendant appealed.

The evidence on behalf of the State was to the effect that
on 29 February 1972, the defendant and his wife, Annie Wat-
son, were living in a state of separation and had been separated
for approximately four months. At that time Annie Watson was
living with her mother. On that night, the defendant came by
the mother's home and picked up some dinner. Later that eve-
ning, Annie Watson went with Norma Jean Eason and William
Hawkins to a banquet which lasted until about midnight. Wil-
liam Hawkins was driving the automobile in which they went
to the banquet; and after the banquet, William Hawkins brought

Annie Watson back to her mother's home. When Annie Watson got out of the automobile and was thanking William Hawkins and Norma Jean Eason for taking her and bringing her home, the defendant struck her on the left side of her face and knocked her unconscious. When she regained consciousness, she was in the house, and she observed Norma Jean Eason washing blood off her arms and William Hawkins was also there. The defendant was not there.

Norma Jean Eason, after Annie Watson had been knocked unconscious, got out of the automobile to go to her assistance. At that time, the defendant cut Norma Jean Eason with a knife in the back of the head and on the arms. William Hawkins also got out of the automobile to go to the assistance of the two women. While he was engaged in trying to get the two women away from the defendant, the defendant cut him in the back. Hawkins took Norma Jean Eason to the hospital where 43 stitches were taken to close her cuts.

The defendant testified that he was at the home waiting for Annie Watson to return as he wanted to discuss a matter with her, and she had told him to meet her there. He stated that when she arrived in the automobile, she got out and was drunk and that she grabbed him. He was trying to get loose from her; and in the ensuing scuffle, she fell to the ground and he might have hit her. He then stated that he started to leave and get in his automobile when William Hawkins came up behind him and knocked him down and got on top of him. He stated that he then took out his knife and cut William Hawkins and that Norma Jean Eason came to the aid of William Hawkins and she got cut by accident while he was fighting with Hawkins.

*Attorney General Robert Morgan by Associate Attorney Charles R. Hassell, Jr., for the State.*

*Parker, Rice and Myles by Jeffrey T. Myles for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant assigns as error the failure of the trial court to comply with G.S. 7A-457. This statute in pertinent part reads as follows:

"(a) An indigent person who has been informed of his right to be represented by counsel at any in-court pro-

ceeding, may, in writing, waive the right to in-court representation by counsel, if the court finds of record that at the time of waiver the indigent person acted with full awareness of his rights and of the consequences of the waiver. In making such a finding, the court shall consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the crime charged."

We think that in the instant case the waiver in writing and the certificate attached thereto entered by Judge Burnett in the district court was adequate and sufficient. In our opinion the statute does not require successive waivers in writing at every court level of the proceeding. The trial in the district court and the further trial of the case in the superior court on appeal together constituted one in-court proceeding. The waiver in writing once given was good and sufficient until the proceeding finally terminated, unless the defendant himself makes known to the court that he desires to withdraw the waiver and have counsel assigned to him. The burden of showing the change in the desire of the defendant for counsel rests upon the defendant. In the instant case, the trial judge in the superior court again called the attention of defendant to the fact that he could have court-assigned counsel to represent him if he so desired. This was all that was required, and, in fact, more than was required, and we find this assignment of error without merit.

[2] The defendant assigns as error the fact that he did not receive a speedy trial. The record reveals that the offense occurred on 29 February 1972, and warrants were issued on that day. The warrants, however, were not served until 15 June 1973, and the defendant was tried on 3 October 1973. We do not believe that the defendant has shown any prejudice in this regard, and we find this assignment of error without merit. Compare *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969).

[3] The defendant assigns as error the fact that his wife was permitted to testify against him. It is to be noted that the wife only testified to those matters pertaining to the assault upon her by the defendant. This did not constitute error. *State v. Robinson,* 15 N.C. App. 362, 190 S.E. 2d 270 (1972), *cert. denied,* 281 N.C. 762, 191 S.E. 2d 363 (1972).

[4] The defendant assigns as error the sentence in excess of 30 days in the case involving the assault on Annie Watson. The

record discloses that the defendant was placed on trial for a simple assault and not an assault on a female by a male. The verdict of the jury was for a simple assault. We think this exception is well-taken, and that the sentence in excess of 30 days was erroneous. *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681 (1966).

This case will, therefore, be remanded for the entry of a proper judgment in this one case.

We have reviewed the other assignments of error brought forward by the defendant, and we do not find it necessary to discuss them seriatim. There was no prejudicial error in any of them.

Remanded for proper judgment in the case of Annie Watson, No. 72CR17200. In all other respects,

No error.

Judges MORRIS and VAUGHN concur.