STATE OF NORTH CAROLINA v. STEPHEN D. HARRIS

No. 8212SC1021

(Filed 5 April 1983)

**1. Criminal Law § 63— evidence concerning sanity of defendant—not pertinent to capacity of defendant at time of crime**

> The trial court did not err in failing to allow the defendant to testify concerning his mental condition where his testimony did not concern his mental condition on the evening of the crime in question.

**2. Constitutional Law § 49— waiver of right to counsel—informed of consequences**

> Where defendant signed a sworn waiver of his right to assigned counsel and where pursuant to this waiver, defendant represented to the court "That he had been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully [understood]," and where the defendant never indicated that he desired to withdraw the waiver, there was no merit to defendant's argument that he did not knowingly, intelligently and voluntarily waive his right to counsel.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 6 April 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 March 1983.

Defendant was found guilty of armed robbery and sentenced to a minimum term of 80 years and maximum term of life imprisonment. On appeal he assigns error to the court's exclusion of his testimony regarding his mental condition during the months preceding the robbery and the court's acceptance of his waiver of assigned counsel.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

BECTON, Judge.

The record and transcripts before this Court reveal that defendant was indicted for a number of armed robberies that occurred during December 1980 and January 1981. The matter on appeal involves the armed robbery of $250 from a Taco Bell in

Fayetteville on 8 January 1981. Prior to trials on this offense and on three of the other robberies, defendant filed a paperwriting entitled "Motion for Dismissal of Charges by Reason of Insanity." He alleged therein that during 1980 he began to display "an apparent psychological change." Defendant alleged that in August 1980 he suffered a nervous breakdown apparently because of his relationship with one Song Sun Barnett. Soon after his breakdown, he attempted to kill himself, Ms. Barnett and a third person by detonating an explosive device. The attempt was unsuccessful when a wire connecting the device to the detonator was severed. Defendant alleged that he then began writing worthless checks and spending his off-duty time on Hay Street in Fayetteville. He had learned that his former girlfriend was a topless dancer, and he began contemplating killing her and himself.

The trial court accepted this motion as a plea of not guilty by reason of insanity. Thereafter, during the week of 29 March 1982, defendant was found guilty on three counts of armed robbery. The next week, the trial for armed robbery of the Taco Bell began. The State presented evidence that on the evening of 8 January 1981 defendant entered a Taco Bell on Raeford Road in Fayetteville. The cashier observed a gun in defendant's pants. Defendant told the cashier to turn around, to tell the other employees to lie on the floor and to place the money in a bag. After the cashier carried out these instructions, defendant fled from the restaurant with approximately $250.

[1]   The sole evidence for the defense consisted of defendant's testimony. He admitted that on 29 December 1980 he and a friend robbed Baldino's Sub Shop in Fayetteville; and that over the next 20 days they robbed 13 other Fayetteville establishments. Defendant then informed the jury that he had pleaded the defense of insanity at his earlier trial. A statement, that was allegedly given to his public defender in March 1981, was marked as an exhibit. The following exchange took place:

MR. HARRIS: There are four pages to this statement. There were, I believe, ten when I originally wrote this statement. The first part of the statement spoke of an alleged attempted bombing and nervous breakdown and series of—

MR. DESILVA (Assistant District Attorney): Your Honor, I—it doesn't go to the issue of the robbery of the Taco Bell on January the 8th, 1981.

COURT: Sustained. Exception No. 3

The defendant now contends that the court erroneously sustained the State's objection to this testimony and thereby denied him his constitutional right to present evidence relevant to his insanity defense. We find no error here.

In North Carolina, when a defendant pleads insanity as a defense, the test is his capacity to distinguish between right and wrong at the time of and with respect to the matter under investigation. *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241 (1969), *death penalty vacated*, 403 U.S. 948, 29 L.Ed. 2d 859, 91 S.Ct. 2283 (1971). "Evidence tending to show the mental condition of the accused, both before and after the commission of the act, is competent provided it bears such relation to the defendant's condition of mind at the time of the alleged crime as to be worthy of consideration in respect thereto." *Id.* at 314, 167 S.E. 2d at 256.

In the case *sub judice*, the trial court properly sustained the State's objection to defendant's testimony regarding a statement he gave to his public defender, because at that time defendant had not shown any relation between that evidence and his mental condition on 8 January 1981. The court's ruling did not bar defendant from presenting evidence which would establish such a relationship, and the record reveals that defendant never made this showing. Defendant argues that since the court was already familiar with the relevancy of his excluded testimony no showing was necessary. He stresses that the relevancy of the attempted bombing and breakdown was reflected in the allegations of his motion to dismiss by reason of insanity. This argument fails on two grounds. First, the motion shows on its face that it was filed in cases against defendant, other than the one at issue. The case number for the Taco Bell robbery occurring on 8 January 1981 is not among those typed on the motion. Secondly, assuming *arguendo* that the motion applies to the present case, the allegations therein do not show that defendant's mental condition on the evening of 8 January 1981 was such that he could not distinguish between right or wrong. "One who would shelter himself under a plea of insanity must satisfy the jury of his inability to distin-

guish between right and wrong at the time of and in relation to the alleged criminal act." *State v. Harris,* 223 N.C. 697, 704, 28 S.E. 2d 232, 238 (1943). Defendant has not met this burden.

[2] Defendant also assigns error to the court allowing him to represent himself, on the basis that he did not knowingly, intelligently and voluntarily waive his right to counsel. At the arraignment hearing, defendant informed the court that he wished to dismiss his court-appointed counsel and represent himself. The court granted his request, and defendant then signed a sworn waiver of his right to have assigned counsel. Pursuant to this waiver, defendant represented to the court the following: "That he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands." The trial judge then executed a certificate indicating that defendant had been fully informed of these matters. Defendant now argues, notwithstanding the signed waiver, that the transcript of the arraignment hearing shows that he was never made aware of the permissible sentences for armed robbery or the consequences of waiving counsel.

In *State v. Watson,* 21 N.C. App. 374, 379, 204 S.E. 2d 537, 540, *cert. denied,* 285 N.C. 595, 206 S.E. 2d 866 (1974), this Court held that "[t]he waiver in writing once given was good and sufficient until the proceeding finally terminated, unless the defendant himself makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." Defendant never indicated that he desired to withdraw this waiver. Furthermore, in light of the facts (i) that the week before this trial defendant represented himself, was found guilty of three counts of armed robbery, and received three sentences of eighty years to life; and (ii) that his court-appointed attorney was dismissed but retained as standby counsel during both the earlier trial and the trial on which this appeal is based, we find no merit in defendant's argument.

No error.

Judges ARNOLD and PHILLIPS concur.