STATE OF NORTH CAROLINA v. LINWOOD ARRTAGUS EVANS

No. COA01-891

(Filed 1 October 2002)

**Constitutional Law; Probation and Parole— right to assistance of counsel—probation revocation hearing**

The trial court erred in a probation revocation hearing by allowing defendant to proceed pro se without conducting an inquiry as required by N.C.G.S. § 15A-1242, because: (1) the execution of a written waiver of the right to assistance of counsel does not abrogate the trial court's responsibility to ensure the requirements of N.C.G.S. § 15A-1242 are fulfilled; (2) although the trial court ascertained that defendant did not have counsel, did not desire counsel, and that defendant understood that he could have had counsel appointed, there is no indication in the record that the trial court made an inquiry as to whether defendant understood and appreciated the consequences of his decision; and (3) the trial court failed to ascertain whether defendant comprehended the nature of the charges and proceedings and the range of permissible punishments that he faced.

Appeal by defendant from judgment entered 12 February 2001 by Judge Quentin T. Sumner in Pitt County Superior Court. Heard in the Court of Appeals 15 August 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Brenda Eaddy, for the State.*

*Angela H. Brown for defendant-appellant.*

WALKER, Judge.

On 21 August 1998, defendant pled guilty to six breaking and entering charges. He was subsequently sentenced to six consecutive eight to ten-month terms of imprisonment. These sentences were suspended and defendant was placed on supervised, intensive probation for a total of 60 months. Defendant's probation was modified and he was ordered, among other things, to pay restitution in the amount of $10,842.00 and not violate any State laws which penalty exceeds 45 days in jail.

On 5 September 2000, the trial court ordered that all of defendant's past due and future supervision fees be remitted. On 18 January

2001, defendant's probation officer filed a violation report alleging that defendant had violated the terms of his probation. Specifically, the report alleged that defendant was in arrearage on the restitution requirement and that he also violated his probation by committing the offense of driving while license revoked.

At defendant's probation revocation hearing on 12 February 2001, defendant executed a written waiver of his right to counsel and proceeded *pro se*. At the beginning of the hearing, the trial court inquired as follows:

THE COURT: Mr. Evans, do you have a lawyer, sir?

MR. EVANS: No, sir.

THE COURT: Do you understand that you have the right to have a lawyer represent you, sir?

MR. EVANS: Yes, sir.

THE COURT: Do you want a lawyer, Mr. Evans?

MR. EVANS: No, sir.

THE COURT: I will be happy to appoint you one.

MR. EVANS: No, sir.

THE COURT: You do not want one at all.

MR. EVANS: No, sir.

THE COURT: All right. Sign a waiver please to that, please sir.

Thereafter, the trial court proceeded with the probation revocation hearing and subsequently found defendant to be in willful violation of his probation without lawful excuse, revoked his probation and activated his suspended sentences.

Defendant contends that the trial court erred in allowing him to proceed *pro se* without conducting an inquiry as required by N.C. Gen. Stat. § 15A-1242, which provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2001).

A defendant has a right to assistance of counsel during probation revocation hearings. N.C. Gen. Stat. § 15A-1345(e) (2001). Inherent to that right to assistance of counsel is the right to refuse the assistance of counsel and proceed *pro se. State v. Gerald*, 304 N.C. 511, 516, 284 S.E.2d 312, 316 (1981); *State v. Brooks*, 138 N.C. App. 185, 193, 530 S.E.2d 849, 854 (2000). However, the right to assistance of counsel may only be waived where the defendant's election to proceed *pro se* is "clearly and unequivocally" expressed and the trial court makes a thorough inquiry as to whether the defendant's waiver was knowing, intelligent and voluntary. *State v. Carter*, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994), *cert. denied*, 531 U.S. 843, 121 S. Ct. 109, 148 L. Ed. 2d 67, *and rehearing denied*, 531 U.S. 1002, 121 S. Ct. 506, 148 L. Ed. 2d 475 (2000). This mandated inquiry is satisfied only where the trial court fulfills the requirements of N.C. Gen. Stat. § 15A-1242.

The provisions of N.C. Gen. Stat. § 15A-1242 are mandatory where the defendant requests to proceed *pro se. State v. Lyons*, 77 N.C. App. 565, 568, 335 S.E.2d 532, 534 (1985). The execution of a written waiver is no substitute for compliance by the trial court with the statute. *State v. Wells*, 78 N.C. App. 769, 773, 338 S.E.2d 573, 575 (1986). A written waiver is "something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not . . . an alternative to it." *State v. Hyatt*, 132 N.C. App. 697, 703, 513 S.E.2d 90, 94 (1999).

The State correctly points out that, where the defendant has executed a written waiver of counsel which is certified by the trial court, a presumption arises that the waiver by the defendant was knowing, intelligent and voluntary. *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). Nevertheless, where the record indicates otherwise, that presumption is rebutted. *Hyatt*, 132 N.C. App. at 703, 513 S.E.2d at 94; *State v. Love*, 131 N.C. App. 350, 507 S.E.2d 577 (1998), *affirmed*, 350 N.C. 586, 516 S.E.2d 382 (1999); *Warren*, 82 N.C.

App. at 89, 345 S.E.2d at 441. The execution of a written waiver of the right to assistance of counsel does not abrogate the trial court's responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 are fulfilled.

In the present case, the record reveals the trial court ascertained that defendant did not have counsel, did not desire counsel and that defendant understood that he could have had counsel appointed. However, this inquiry satisfied only the first of the three inquires required by N.C. Gen. Stat. § 15A-1242. There is no indication in the record that the trial court, at any time, made an inquiry as to whether defendant understood and appreciated the consequences of his decision. Further, the trial court failed to ascertain whether defendant comprehended the nature of the charges and proceedings and the range of permissible punishments that he faced. In omitting the second and third inquiries required by N.C. Gen. Stat. § 15A-1242, the trial court failed to determine whether defendant's waiver of his right to counsel was knowing, intelligent and voluntary.

The trial court's judgments revoking defendant's probation are reversed. On remand, the trial court shall first determine if defendant is entitled to the assistance of counsel in accordance with this opinion. Because defendant is entitled to a new hearing, we need not reach defendant's second assignment of error, that the trial court failed to make adequate findings to support its decision to revoke defendant's probation.

Reversed and remanded.

Chief Judge EAGLES and Judge BIGGS concur.