BRYANT, Judge.
Gail Tyndall Gautier (defendant) appeals judgments of the trial court revoking her probation and activating her suspended sentence.
On 20 February 2002, defendant pled guilty to sixteen counts of forgery. The forgery counts were consolidated into eight judgments. Defendant received eight consecutive prison sentences of four to five months each. The sentences were suspended and defendant was placed on thirty-six months of supervised probation. The conditions of probation included that defendant would submit to drug testing as required by her probation officer.
On 20 August 2003, defendant's probation officer filed aprobation violation report alleging that defendant violated the terms of her probation by submitting urine samples for drug testing that were either diluted or pure water and testing positive for cocaine on 3 March 2003.
This matter came for hearing at the 3 September 2003 criminal session of Lenoir County Superior County with the Honorable Paul L. Jones presiding. At her probation revocation hearing, defendant appeared pro se. Before the State presented its evidence, the trial court and defendant engaged in the following colloquy:
THE COURT: . . . Do you know why you have been brought back to court ma'am?
DEFENDANT: Yes, sir.
THE COURT: Are you asking the court to appoint a lawyer, are you going to hire a lawyer or are you going to represent yourself?
DEFENDANT: Represent myself.
THE COURT: Okay. Sign a waiver.
Thereafter, the trial court proceeded with the probation revocation hearing. During the remainder of the hearing, the trial court did not ask defendant any other questions concerning her right to counsel or to represent herself, or about the charges she faced and the possible results of the hearing. Defendant signed the waiver of the right to counsel form.
Defendant's probation officer testified that defendant submitted several urine samples that, according to lab analysis, were actually water. Defendant had subsequently submitted additional urine samples, but the probation officer had not received the results of those tests by the time of the hearing. The trial court questioned defendant regarding why two of her samples were pure water. Defendant admitted that two of the samples were, in fact, water; however, she explained that she had been taking water pills and drinking gallons of water prior to submitting the other samples. Defendant did not offer any other evidence on her own behalf, but apologized and asked the trial court for another chance.
The trial court found defendant to be in willful violation of her probation without lawful excuse, revoked her probation and activated her suspended sentence. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred by permitting defendant to proceed pro se without properly determining whether her waiver of the right to counsel was knowing, intelligent, and voluntary, in violation of N.C. Gen. Stat. § 15A-1242 and the North Carolina and United States Constitutions.
N.C. Gen. Stat. § 15A-1242 provides:
A defendant may be permitted at [her] election to proceed in the trial of [her] case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of [her] right to the assistance of counsel, including [her] right to the assignment of counsel when [she] is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C.G.S. § 15A-1242 (2003).
This Court has interpreted Section 15A-1242 as follows:
The provisions of N.C. Gen. Stat. § 15A-1242 are mandatory where the defendant requests to proceed pro se. The execution of a written waiver is no substitute for compliance by the trial court with the statute. A written waiver is "something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not . . . an alternative to it."
. . . The execution of a written waiver of the right to assistance of counsel does not abrogate the trial court's responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 are fulfilled.
State v. Evans, 153 N.C. App. 313, 315-16, 569 S.E.2d 673, 675 (2002) (citations omitted); see also State v. Carter, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994).
In the instant case, the record reveals that the trial court determined that defendant did not desire counsel but rather desired to represent herself. This inquiry, however, fails to satisfy even the first of the three inquires required by N.C. Gen. Stat. § 15A-1242. Moreover, as in Evans, there is no indication in the record that the trial court, at any time, made an inquiry as to whether defendant understood and appreciated the consequences of [her] decision. Further, the trial court failed to ascertain whether defendant comprehended the nature of the charges and proceedings and the range of permissible punishments that [she] faced. In omitting the second and third inquiries required by N.C. Gen. Stat. § 15A-1242, the trial court failed to determine whether defendant's waiver of [her] right to counsel was knowing, intelligent and voluntary.
Evans, 153 N.C. App. at 316, 569 S.E.2d at 675. The State concedes that the facts of this case are not distinguishable from those of Evans. However, the State argues that Evans was erroneously decided and asks that this Court affirm the judgment revoking defendant's probation. We reject the State's argument that Evans was decided in error. In addition, one panel of this Court may not overrule another. In re Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (where one panel of the Court of Appeals "has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").
Reversed and remanded.
Judges TYSON and LEVINSON concur.
Report per Rule 30(e).