CALABRIA, Judge.
Defendant appeals from revocation of probation and activation of two 10-12 month sentences for felonious breaking or entering and felonious larceny.
The sole issue is whether the court erred by allowing defendant to proceed without counsel at the probation violation hearing. The record shows that defendant made his first appearance on 15 September 2003 to answer the charge of violating his probation. Judge James F. Ammons, Jr. noted that defendant was on probation and was facing two 10-12 month sentences. Judge Ammons asked defendant whether he needed appointed counsel. Defendant responded that he wanted to hire his own attorney. Judge Ammonsasked defendant to sign a waiver of counsel, and directed the defendant to return on 29 September 2003 for the hearing.
Two weeks later defendant appeared before Judge Robert F. Floyd, Jr. Defendant stated that he had been unable to retain counsel because of a work conflict preventing him from meeting with counsel. The State consented to a continuance for another two weeks on condition that defendant either be represented by counsel or be ready to proceed representing himself. Judge Floyd then inquired of defendant as to whether he understood he faced a substantial amount of time in prison, "10-12 months." Defendant replied affirmatively. Judge Floyd then asked defendant whether he could have an attorney hired by 13 October 2003 and said that if he could not have an attorney hired, then he needed to ask for appointed counsel that very day. Defendant assured Judge Floyd that he would hire an attorney by 13 October 2003. Judge Floyd then inquired of defendant, "You understand, sir, if you don't have your lawyer hired by then, I'm going to uh - you'll have to proceed without a lawyer." Defendant responded, "Yes, sir." Judge Floyd then stated, "I'm going to note that you're waiving all rights to counsel if that's what you wish to do here today. That includes the right to hire a lawyer and the right to court-appointed counsel, and you'll be representing yourself on that day. . . . If you get a lawyer hired, he'll represent you. If you don't, you'll represent yourself. Do you understand that?" Defendant replied, "Yes, sir." Judge Floyd then had defendant sign a second waiver of counsel. Before defendant left the courtroom, Judge Floyd gavedefendant some friendly advice to "get close" to his probation officer and "do everything that you haven't done."
At the call of the case for hearing on 13 October 2003, defendant informed Judge Floyd that he had not hired an attorney. Defendant concurred that he had signed a waiver of counsel the last time and that he had contacted an attorney, who advised him to "get [his] situation straightened out with [his] probation officer" instead of hiring him. Defendant also confirmed that he had been advised by Judge Floyd that he would appear either represented by retained counsel or representing himself. Defendant thereafter admitted that he committed the violations and offered reasons for his failure to comply with the conditions of probation.
A defendant facing revocation or modification of probation has a right to counsel granted by statute. N.C. Gen. Stat. § 15A-1345(e) (2003). Waiver of the right to counsel must be expressed "clearly and unequivocally." State v. Carter, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994). In addition, before accepting a waiver of counsel, "the trial court must make a thorough inquiry into whether the defendant's waiver was knowingly, intelligently and voluntarily made." State v. Hyatt, 132 N.C. App. 697, 702, 513 S.E.2d 90, 94 (1999).
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant: (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is soentitled; (2) Understands and appreciates the consequences of this decision; and (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2003).
"The execution of a written waiver is no substitute for compliance by the trial court with [N.C. Gen. Stat. § 15A-1242]." State v. Evans, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002).
Defendant contends he never unequivocally expressed a desire to represent himself. He also contends that his waiver of counsel is invalid because the court failed to conduct the full inquiry mandated by N.C. Gen. Stat. § 15A-1242. Specifically, he argues the court failed to ensure that he understood and appreciated the consequences of representing himself and the range of permissible punishments.
The facts of Evans are instructive. In that case the trial court inquired of the defendant whether he understood he had the right to a lawyer to represent him and whether he desired to have the assistance of an attorney. The court stated it would be "happy to appoint" an attorney to represent him. Mr. Evans declined the services of an attorney and signed a waiver of counsel. This Court concluded that the trial court's inquiry only established that the defendant did not desire counsel and that the defendant did not desire to have an attorney appointed for him. The Court noted that the court did not inquire or ascertain that the defendant understood and appreciated the consequences of the decision andthat he comprehended the nature of the proceedings and the range of permissible punishments. Because the trial court failed to make the second and third inquiries mandated by N.C. Gen. Stat. § 15A-1242, this Court held the trial court failed to determine that the defendant's waiver of his right to counsel was knowing, intelligent and voluntary.
In the case sub judice, the court's inquiry merely established that defendant desired the service of retained counsel and that defendant knew he would be representing himself if he could not retain counsel. The court's inquiry did not establish that defendant understood and appreciated the consequences of representing himself. The State responds in its brief that it is unable to distinguish State v. Evans factually but argues Evans was wrongly decided. As one panel of this Court may not overrule another on the same issue of law, we are bound by the Evans decision. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989). We accordingly reverse the judgment and remand the matter.
Reversed and remanded.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).