STATE OF NORTH CAROLINA v. ANDREW DEBNAM

No. COA04-502

(Filed 1 March 2005)

**Criminal Law— waiver of right to counsel—statutory procedure**

A probation revocation was reversed and remanded where defendant waived his right to assigned counsel in writing and informed the court that he wanted to represent himself, but the trial court did not advise defendant of the consequences of his decision or the "nature of the charges and proceedings and the range of permissible punishments." N.C. Gen. Stat. § 15A-1242(3) (2003).

Judge STEELMAN dissenting.

Appeal by defendant from judgments entered 15 December 2003 by Judge Abraham P. Jones in Wake County Superior Court. Heard in the Court of Appeals 3 January 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Caroline Farmer, for the State.*

*Sue Genrich Berry for defendant-appellant.*

ELMORE, Judge.

Defendant Andrew Debnam (defendant) pled guilty to eleven counts of obtaining property by false pretenses. The trial court sentenced defendant to four consecutive sentences of eleven to fourteen months imprisonment, each of which were suspended, and placed him on supervised probation for thirty-six months. On 14 November 2003, defendant's probation officer filed probation violation reports. Three days later, defendant executed a written waiver of counsel form, waving his right to assigned counsel, but not his right to assistance of counsel, at a preliminary hearing held in district court. On 15 December 2003, the trial court held a hearing on defendant's probation violation. After hearing testimony from defendant and defendant's probation officer, the trial court concluded that defendant had willfully and unlawfully violated the terms and conditions of his probation and activated defendant's suspended sentences. Defendant appeals.

Defendant first contends the trial court erred by allowing him to proceed *pro* se without conducting an inquiry as required by N.C. Gen. Stat. § 15A-1242, which provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2003).

"The provisions of N.C. Gen. Stat. § 15A-1242 are mandatory where the defendant requests to proceed *pro se*. The execution of a written waiver is no substitute for compliance by the trial court with the statute." *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations omitted). In *Evans*, this Court held that during probation revocation hearings, the trial court must conduct a full

inquiry pursuant to section 15A-1242 to ensure that a defendant's waiver of counsel is knowing, intelligent, and voluntary. *Id.*

The following exchange occurred when defendant's probation revocation hearing was called on 15 December 2003:

[PROSECUTOR]: Mr. Debnam, have you signed a waiver already?

THE DEFENDANT: Yes, ma'am.

[PROSECUTOR]: You're going to represent yourself?

THE DEFENDANT: Yes, ma'am.

[PROSECUTOR]: Judge, he says he's signed a waiver.

THE COURT: All right. I believe him. Let's go forward.

Although the record shows that defendant executed a written waiver of counsel form waving his right to assigned counsel and informed the trial court that he wanted to represent himself, the trial court failed to advise defendant of the consequences of his decision to represent himself or the "nature of the charges and proceedings and the range of permissible punishments." N.C. Gen. Stat. § 15A-1242(3) (2003). Accordingly, the judgment of the trial court is reversed, and this matter is remanded for another probation revocation hearing. As the other assignments of error are not likely to reoccur, we do not deem it necessary to discuss them.

Reversed and remanded.

Judge HUNTER concurs.

Judge STEELMAN dissents by separate opinion.

STEELMAN, Judge dissenting.

I must respectfully dissent from the majority opinion based upon the holdings in *State v. Watson*, 21 N.C. App. 374, 204 S.E.2d 537 (1974) and *State v. Kinlock*, 152 N.C. App. 84, 566 S.E.2d 738 (2002), aff'd, 357 N.C. 48, 577 S.E.2d 620 (2003).

I agree with the majority that the 15 December 2003 inquiry by the trial court was alone insufficient under N.C. Gen. Stat. § 15A-1242. However, following his arrest for violations of his probation, defendant was brought before the District Court of Wake County, where he executed a waiver of counsel. This made it unnecessary for the trial

court to conduct another inquiry. *State v. Watson*, 21 N.C. App. 374, 204 S.E.2d 537 (1974). The majority improperly relies on *State v. Evans*. In *Evans*, there was no previous waiver of counsel, therefore the trial court needed to inform defendant of his rights and explain fully the consequences of waiver as required by N.C. Gen. Stat. § 15A-1242. "A thorough inquiry into the three substantive elements of the statute, conducted at a preliminary stage of a proceeding, meets the requirements of N.C.G.S. § 15A-1242 even if it is conducted by a judge other than the judge who presides at the subsequent trial." *State v. Kinlock*, 152 N.C. App. 84, 89, 566 S.E.2d 738, 741 (2002), *aff'd*, 357 N.C. 48, 577 S.E.2d 620 (2003). Since no assignment of error was made to this earlier hearing in District Court, we must presume the written waiver of counsel form was administered properly by that court.

In order to "satisfy constitutional standards, [the trial court] must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel." *State v. Thomas*, 331 N.C. 671, 674, 417 S.E.2d 473, 476 (1992). The inquiry detailed in N.C. Gen. Stat. § 15A-1242 has been deemed sufficient to meet these constitutional standards. *See id.* "In our opinion the statute does not require successive waivers in writing at every court level of the proceeding." *State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540 (1974). "The waiver in writing once given was good and sufficient until the proceeding finally terminated, unless the defendant himself makes known to the court that he desires to withdraw the waiver and have counsel assigned to him. The burden of showing the change in the desire of the defendant for counsel rests upon the defendant." *Id.* at 379, 204 S.E.2d at 540-41. In Superior Court, defendant Debnam made no statement that he wanted counsel assigned and answered in the affirmative when asked if he was going to represent himself. Defendant's rights were properly protected by the earlier written waiver of counsel. For these reasons, I would find no error with the trial court allowing defendant to proceed *pro se*.

Having decided the trial court's action regarding the first assignment of error should be affirmed, I address defendant's other assignments of error.

In defendant's second assignment of error, he asserts that the trial court erred in receiving unsworn testimony from defendant's probation officer. I would disagree.

The probation violation reports alleged that defendant had violated his probation by (1) failing to report for appointments with his probation officer; (2) failing to attain a substance abuse assessment; (3) failing to make monetary payments; and (4) absconding supervision. Defendant admitted the violations. The trial judge then questioned the probation officer briefly concerning the violations. Defendant then offered explanations for his violations. No one was placed under oath at the revocation hearing.

Rule 603 of the North Carolina Rules of Evidence requires that every witness shall be required to declare that they will testify truthfully, by oath or affirmation. However, Rule 1101(b)(3) of the North Carolina Rules of Evidence specifically states that the Rules of Evidence do not apply in proceedings granting or revoking probation. Defendant in his brief acknowledges that: "It is well-settled that the trial court is not bound by strict rules of evidence in a probation hearing. *State v. Pratt*, 21 N.C. App. 538, 204 S.E.2d 906 (1974)." This assignment of error is without merit.

In his third assignment of error, defendant contends that the trial court did not follow the provisions of N.C. Gen. Stat. § 15A-1364 in determining that the defendant had not complied with the monetary terms of his probation. "[U]nless the defendant shows inability to comply and that his nonpayment was not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment, the court may order the suspended sentence, if any, activated . . ." N.C.G.S. § 15A-1364(b) (2004). The defendant admitted to the violations in this case. While the defendant did tell the trial judge that he had been ill, the trial court was not required to accept defendant's explanation. Assuming *arguendo* that the trial court erred as to the monetary violation, there was plenary evidence of the other violations. "Any violation of a valid condition of probation is sufficient to revoke defendant's probation. All that is required to revoke probation is evidence satisfying the trial court in its discretion that the defendant violated a valid condition of probation without lawful excuse." *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987) (internal citations omitted). This assignment of error is without merit.

In his fourth assignment of error, defendant contends that there was insufficient evidence to support the revocation of defendant's probation and the trial court abused its discretion in revoking defendant's probation. I would disagree. Again, defendant admitted the violations of his probation. This admission established the facts

as set forth in the violation reports. This assignment of error is without merit.

In his fifth and final assignment of error, defendant asserts that the trial court failed to make the required findings of fact to support revocation. I disagree.

Each of the revocation judgments in this case incorporated the violation reports by reference. They further found that the defendant had committed four different violations of the terms and conditions of his probation; that the terms and conditions violated were valid, that defendant violated each condition willfully and without valid excuse; and each violation occurred prior to the expiration or termination of defendant's probation. These ultimate findings of fact are quite sufficient to support the trial court's judgments of revocation. The trial court was not required to make evidentiary findings of fact on all of the contentions raised by the defendant in his explanations to the court. *See State v. Williamson*, 61 N.C. App. 531, 301 S.E.2d 423 (1983). I would find this assignment of error to be without merit.

Finally, in assignments of error two, four, and five, defendant makes a blanket assertion that the error complained of was a violation of the constitutions of the United States of America and the State of North Carolina. This assertion is not argued in defendant's brief, and is deemed abandoned. See N.C.R. App. P. 28(b)(6).

I would affirm the trial court's revocation of defendant's probation in all cases.