STATE OF NORTH CAROLINA v. HOWARD THOMAS JACKSON

No. COA07-933

(Filed 6 May 2008)

## 1. Probation and Parole— revocation—pro se representation at hearing

A probation revocation was vacated where the record contained no indication that a defendant who chose to represent himself understood or appreciated the consequences of his decision or comprehended the nature of the proceedings and the range of permissible punishments. N.C.G.S. § 15A-1242.

## 2. Probation and Parole— revocation hearing—timing of hearing—finding

The record provided sufficient evidence for the trial court to find that the State made reasonable efforts to conduct a probation hearing prior to the expiration of defendant's probation. However, the case was remanded for the court to enter sufficient findings. N.C.G.S. § 15A-1344(f).

Appeal by defendant from judgment entered 8 March 2007 by Judge Beverly T. Beal in Caldwell County Superior Court. Heard in the Court of Appeals 14 April 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Richard H. Bradford, for the State.*

*John T. Hall for defendant-appellant.*

BRYANT, Judge.

Defendant Howard Jackson appeals from a judgment and commitment upon revocation of probation for the underlying offenses of driving while impaired and possession of stolen goods.

*Facts*

The record indicates that on 5 March 2003, defendant pled guilty to felony possession of stolen goods. Caldwell County Superior Court entered a judgment of ten months active time then suspended the sentence and placed defendant on supervised probation for a term of thirty-six months. Defendant was also ordered to pay restitution and other fees in the amount of $1,227.00.

On 12 December 2002, upon defendant's plea of guilty, Caldwell County District Court entered judgment and commitment against defendant for impaired driving. Defendant was sentenced as a Level One offender with an active sentence of twenty-four months. On 7 November 2003, the trial court suspended the sentence and placed defendant on supervised probation for a term of forty months, and ordered defendant to pay a monetary fee of $774.00 to the Caldwell County Clerk of Superior Court. As a special condition of defendant's probation for impaired driving, defendant was to comply with the conditions imposed as a result of his conviction for possession of stolen goods, and if defendant's sentence was activated, it was to run consecutive to the sentence imposed for possession of stolen goods.

On 9 March 2006, Caldwell County Superior Court found that defendant had violated the terms of his probation by, among other things, failing to pay the monetary fees associated with his conviction for possession of stolen goods and driving while impaired. Defendant was in arrears in the amount of $1,351.00 on the fee associated with his conviction for possession of stolen goods case and $450.00 on the fee for the driving while impaired case. In addition, defendant owed $600.00 for a substance abuse assessment and treatment. The trial

court amended defendant's sentence for conviction of possession of stolen goods by ordering the probation officer to provide a new payment schedule and extending defendant's sentence from 5 March 2006 to 5 March 2007.

On 25 August 2006, the trial court amended defendant's sentence on his conviction for driving while impaired by again ordering defendant to comply with conditions imposed in the sentence for possession of stolen goods. The trial court amended defendant's sentence on his conviction for possession of stolen goods by ordering that defendant pay $100.00 per month until his balance was paid.

On 26 January 2007, defendant's probation officer reported that defendant willfully violated the terms of his probation by failing to pay the monetary fees imposed as a condition of probation on charges of driving while impaired and felony possession of stolen goods. Defendant's probation officer reported that defendant failed to make any payments after 25 August 2006 in violation of a court order requiring him to make payments of $100.00 per month until his balance was paid in full. According to the record, on the monetary fee associated with the charge of driving while impaired, defendant was in arrears $125.00. On the charge of felony possession of stolen goods, defendant was in arrears a total of $500.00. Moreover, defendant was in arrears one or more payments to the Clerk of Superior Court on his probation supervision fee which amounted to $345.00.

On 8 March 2007, the trial court found defendant willfully and without lawful excuse violated a valid condition of his probation on his conviction for driving while impaired and ordered that defendant's probation be revoked, that the suspended sentence be activated, and that defendant be imprisoned for a term of twenty-four months. Additionally, the trial court found defendant willfully violated a valid condition of his probation on his conviction for possession of stolen goods and ordered that defendant's probation be revoked, his suspended sentence be activated, and that defendant be imprisoned for a term of ten to twelve months.

From the activation of defendant's suspended sentences, defendant appeals.

---

On appeal, defendant raises the following three questions: did the trial court err by (I) allowing defendant to proceed *pro se*; (II) revoking defendant's probation and activating his sentence; and (III) finding defendant's violation of monetary conditions to be willful.

(I)

**[1]** Defendant first questions whether the trial court erred by allowing defendant to proceed *pro se*. Defendant argues that his waiver of counsel on 5 March 2007 at the probation violation hearing was not knowing, intelligent, or voluntary because the trial court failed to ascertain whether defendant knew the consequences of his decision, the nature of the charges, and the range of possible punishments as required under N.C. Gen. Stat. § 15A-1242.

"The probationer is entitled to be represented by counsel at the [probation revocation] hearing . . . ." N.C. Gen. Stat. § 15A-1345(e) (2007). "Inherent to that right to assistance of counsel is the right to refuse the assistance of counsel and proceed pro se." *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations omitted) (emphasis omitted). Where the defendant requests to proceed pro se, the provisions of North Carolina General Statute 15A-1242 are mandatory. *State v. Debnam*, 168 N.C. App. 707, 708, 608 S.E.2d 795, 796 (2005) (citation omitted). Under North Carolina General Statute 15A-1242

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2007). Where a defendant is allowed to proceed pro se, "[t]he record must reflect that the trial court is satisfied regarding each of the three inquiries listed in the statute." *State v. Stanback*, 137 N.C. App. 583, 586, 529 S.E.2d 229, 230 (2000) (citation omitted).

"A signed written waiver is presumptive evidence that a defendant wishes to act as his or her own attorney. However, the trial court must still comply with N.C. Gen. Stat. § 15A-1242 . . . ." *State v. Whitfield*, 170 N.C. App. 618, 620, 613 S.E.2d 289, 291 (2005) (internal

**STATE v. JACKSON**

[190 N.C. App. 437 (2008)]

citation omitted). "A written waiver is something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not . . . an alternative to it." *Evans*, 153 N.C. App. at 315, 569 S.E.2d at 675 (citation and internal quotations omitted).

Here, the record reflects the following exchange between the trial court and defendant which occurred 5 March 2007:

Court:          [Defendant] do you have an attorney?

Defendant: No, sir.

Court:          Do you want the court to appoint you an attorney?

Defendant: No, sir.

Court:          Do you understand that if you cannot afford an attorney one would be appointed to represent you?

Defendant: Yes, sir.

Court:          Do you understand that an attorney's services might be helpful to you in this situation?

Defendant: Yes, sir.

Court:          But you want to proceed without an attorney?

Defendant: Yes, sir.

Court:          Come around and sign the waiver if that's what you wish to do.

Clerk:          Place you left hand on the Bible and raise your right.

                Do you understand that by signing this waiver you are giving up your right to be assisted by counsel and plan to proceed on your own as you own counsel?

Defendant: Yes.

This exchange presents no indication defendant understood or appreciated the consequences of his decision or comprehended the nature of the proceedings and the range of permissible punishments. *See* N.C. Gen. Stat. § 15A-1242 (2), (3) (2007).

Accordingly, the trial court's judgments revoking defendant's probation are vacated, and the matter is remanded for the trial court to determine whether defendant is entitled to the assistance of counsel.

(II)

**[2]** Defendant questions whether the trial court had subject matter jurisdiction to revoke defendant's probation. Defendant argues that the trial court's hearing to revoke defendant's probation occurred after the term of defendant's probation had expired and the trial court failed to make a finding that the State made reasonable efforts to hold the hearing during defendant's probationary term. We agree.

Under North Carolina General Statute 15A-1344(f),

The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

N.C. Gen. Stat. § 15A-1344(f) (2007). In *State v. Daniels*, 185 N.C. App. 535, 649 S.E.2d 400 (2007), this Court reasoned that where record evidence supports a finding that the State made reasonable efforts to conduct a hearing prior to the expiration of the defendant's probation, the matter is remanded to the trial court to enter sufficient material findings. *Id.* at 537, 649 S.E.2d at 401.

Here, defendant's probationary term for his conviction for possession of stolen goods ended Monday, 5 March 2007, and his probationary term for his conviction for driving while impaired ended Saturday, 3 March 2007. Defendant concedes that the State timely filed written notices of its intention to revoke defendant's probation. The record reflects that on 5 March 2007 defendant appeared before the trial court and waived counsel. On 8 March 2007, defendant waived his right to a violation hearing and admitted to the trial court he violated the terms of his probation as to his convictions for driving while impaired and possession of stolen goods. The trial court failed to make factual findings with regard to the State's reasonable efforts to notify defendant and hold the hearing within the probationary period.

Pursuant to *Daniels*, we hold the record provides sufficient evidence for the trial court to find that the State made reasonable efforts to conduct a hearing prior to the expiration of defendant's probation.

Accordingly, this case is remanded to the trial court to enter sufficient material findings.

Last, defendant questions whether the trial court erred by finding defendant's violation of monetary conditions to be willful.

As we have vacated the trial court order revoking defendant's probation and remanded the matter, we need not reach defendant's third question.

Vacated in part; reversed in part; and remanded.

Chief Judge MARTIN and Judge ARROWOOD concur.