STATE OF NORTH CAROLINA
v.
LEON GATLING
No. COA08-607
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for defendant-appellant.
BRYANT, Judge.
Leon Gatling (defendant) appeals from the judgment revoking his probation and activating his suspended sentence.
On 23 February 1994, defendant pled guilty to taking indecent liberties with a minor and second degree sexual offense. The trial court imposed a suspended sentence of thirty-five years with five years supervised probation to be served at the expiration of a prior sentence.
On 27 September 2006, defendant's probation officer filed a probation violation report alleging defendant violated the terms of his probation because he failed to pay $390.00 in probation fees and failed to attend sex offender treatment class. On 30 October 2006, the trial court modified the terms of defendant's probation stating "if offender misses a class, he is to be brought back to court." The trial court further ordered that "the court waives the future probation fee. Pay all arrears; attend the classes as ordered. If the defendant misses again, issue order for arrest." Defendant's probation officer filed a second probation violation report on 2 February 2007 alleging defendant failed to attend sex offender treatment class. On 12 February 2007, the trial court modified the terms of defendant's probation again, stating defendant is to "attend classes as previously ordered. If he misses a class issue an order for arrest. Once he has graduated from the classes, he may be terminated."
On 10 October 2007, defendant's probation officer filed a third probation violation report alleging defendant violated the terms of his probation because: (1) he used, possessed, or controlled an illegal drug or controlled substance; (2) he failed to obtain prior approval from his probation officer and notify the probation officer of any change of address; and (3) he failed to attend sex offender treatment group therapy sessions. On 26 October 2007, the trial court entered an order for defendant's arrest.
On 3 December 2007, the trial court conducted a probation revocation hearing. Defendant waived his right to counsel and represented himself at the hearing. Defendant admitted he violated the terms of his probation. The trial court found defendant willfully violated the terms of his probation, revoked defendant's probation, and activated his suspended sentence. Defendant appeals.
On appeal, defendant argues that the trial court erred by permitting him to proceed pro se without properly determining whether his waiver of the right to counsel was knowing, intelligent, and voluntary. We disagree.
A defendant has a right to assistance of counsel during a probation revocation hearing. N.C. Gen. Stat. § 15A-1345(e)(2007). "Inherent to that right . . . is the right to refuse the assistance of counsel and proceed pro se." State v. Evans, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002). Defendant's waiver of the right to counsel must be clear and unequivocal, and the trial court must make a thorough inquiry as to whether the waiver was knowing, intelligent, and voluntary. Id. Defendant may proceed pro se if the trial court makes a thorough inquiry and is satisfied that defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2007).
During the hearing, the following exchange took place between the trial judge and defendant: THE COURT: Mr. Gatling, you're before the Court on a probation violation that's alleged. And you could be imprisoned in the North Carolina Department of Corrections under the fair sentencing [act] for 35 years. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: You have three choices regarding a lawyer; you can hire your own lawyer, you can represent yourself or you can receive a court appointed lawyer.
THE DEFENDANT: I'm going to represent myself.
THE COURT: You're going to represent yourself?
THE DEFENDANT: Yes, sir.
THE COURT: Are you sure about that?
THE DEFENDANT: Yes, sir, Your Honor.
THE COURT: All right. The defendant waives assistance of all assigned counsel. Says he's going to represent his own interest in this matter.
This exchange reveals that the trial judge complied with the requirements set forth in N.C. Gen. Stat. § 15A-1242. The trial judge informed defendant of his right to the assistance of counsel, including the right to a court-appointed attorney. The trial judge also made sure that defendant understood his sentence could be activated and that he could serve thirty-five years in prison. Defendant verbally gave a knowing, intelligent, and voluntary waiver of his right to counsel and subsequently signed a document indicating that he waived his right to counsel and wanted to appear on his own behalf. Defendant relies uponEvans where this Court held the trial court did not meet the requirements of N.C. Gen. Stat. § 15A-1242 when it only inquired whether the defendant had counsel, wanted counsel, and understood he could have counsel appointed. Id. at 315, 596 S.E.2d at 675. Because the trial court failed to conduct the second and third inquiries required by N.C.G.S. § 15A-1242, this Court reversed and remanded for a new probation violation hearing. Evans, however, is distinguishable from the case before us. Here, the trial court not only conducted the first inquiry as to defendant's right to counsel, the trial court also confirmed that defendant understood the consequences he faced if his probation was revoked by informing defendant that he faced a sentence of thirty-five years. Finally, the trial court properly inquired whether defendant understood the nature of the charges and proceedings when it informed defendant and confirmed that defendant understood he was before the court on a probation violation charge.
We conclude that the trial court conducted the proper inquiry and determined that defendant's waiver of counsel was knowing, intelligent, and voluntary. We hold that the trial court acted properly in allowing defendant to proceed pro se. Therefore, the decision of the trial court is affirmed.
AFFIRMED.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).