STATE OF NORTH CAROLINA
v.
JONATHAN HANSLEY
No. COA09-91
Court of Appeals of North Carolina.
Filed: July 7, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Ebony J. Pittman, for the State.
J. Edward Yeager, Jr. for defendant-appellant.
MARTIN, Chief Judge.
Defendant pled guilty to the following offenses: (1) selling marijuana, possession of drug paraphernalia, and contributing to the delinquency of a minor; (2) felony possession of a schedule IV controlled substance and possession of stolen goods/property; and (3) felony conspiracy to possess with the intent to sell or distribute marijuana and possession of marijuana up to one-half ounce. The trial court sentenced defendant to two consecutive terms of 8 to 10 months imprisonment and another consecutive term of 6 to 8 months imprisonment. The trial court suspended all three sentences and placed defendant on supervised probation for thirty-six months.
On 5 August 2008, defendant's probation officer filed a probation violation report alleging the following violations of the special conditions of defendant's probation: (1) failing to comply with the conditions of his house arrest/electronic monitoring and violating curfew; (2) failing to complete any hours of intensive outpatient treatment; (3) marijuana use; and (4) reporting false information regarding employment.
The trial court held a probation revocation hearing on 18 August 2008, where defendant waived his right to counsel and represented himself pro se. Defendant admitted to the first three violations, but denied that he reported false information regarding employment. Thereafter, the State decided to proceed on the first three violations, and the trial court found that defendant willfully violated the conditions of his probation. The trial court revoked defendant's probation and activated his suspended sentences, and ordered that defendant be imprisoned for two consecutive terms of 8 to 10 months imprisonment and a third concurrent term of 6 to 8 months imprisonment. Defendant appeals.
Defendant raises only one assignment of error on appeal. He contends the trial court erred in allowing him to proceed pro se at his revocation hearing without making a thorough inquiry as to whether his waiver of counsel was knowing and voluntary.
A criminal defendant has a right to counsel during a probation revocation hearing, including the right to refuse counsel and proceed pro se. See State v. Evans, 153 N.C. App. 313, 315, 569 S.E.2d 673, 674-75 (2002). "However, the right to assistance of counsel may only be waived where the defendant's election to proceed pro se is `clearly and unequivocally' expressed and the trial court makes a thorough inquiry as to whether the defendant's waiver was knowing, intelligent and voluntary." Id. at 315, 569 S.E.2d at 675 (citations omitted). This inquiry is satisfied when the trial court fulfills the requirements of N.C.G.S. § 15A-1242, which provides:
A defendant may be permitted at his election to proceed . . . without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2 Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2007). Where a defendant requests to proceed pro se, the provisions of N.C.G.S. § 15A-1242 are mandatory. See State v. Debnam, 168 N.C. App. 707, 708, 608 S.E.2d 795, 796 (2005); Evans, 153 N.C. App. at 31, 569 S.E.2d at 675.
Here, the record reflects the following colloquy between the trial court and defendant prior to the commencement of the revocation hearing on 18 August 2008:
THE COURT: Do you understand what you are doing here this morning?
THE DEFENDANT: Yes, sir.
THE COURT: Have you been given a copy of your violation reports, have you read them and understand them?
THE DEFENDANT: Yes, sir.
THE COURT: Do you acknowledge that your probation officer had probable cause to have you arrested because you violated your probation?
THE DEFENDANT: Yes, sir.
THE COURT: Are you going to hire a lawyer to represent you, are you going to represent yourself or do you want the Court to appoint you a lawyer?
THE DEFENDANT: Represent myself.
THE COURT: You do not want a lawyer involved? THE DEFENDANT: No, sir.
THE COURT: Step up here and sign a waiver. It's a piece of paper, says you are going to represent yourself, you do not want a lawyer involved.
THE COURT: Sir, do you want to go ahead and take care of this today, is that what you want to do?
THE DEFENDANT: Yes, sir.
Here, the trial court only partially satisfied the requirements of N.C.G.S. § 15A-1242. The trial court did communicate to defendant his option to have counsel appointed for him, which satisfies the first prong. The trial court also ensured that defendant understood the nature of the charges and proceedings, but this only satisfies part of the third prong. Absent from the colloquy is any inquiry into whether defendant understood the possible range of punishments. Although defendant indicated that he read the violation report, our review of the record reveals that the probation report did not accurately reflect defendant's maximum possible sentence. The report listed the length of sentence as a minimum of eight months and a maximum of ten months imprisonment, where defendant actually faced the possibility of a minimum of twenty-two months and a maximum of twenty-eight months imprisonment. Moreover, it is not entirely clear from the colloquy that defendant understood the consequences of his decision. Although the trial court asked defendant if he wished to take care of the matter that day, the court did not ensure that defendant understood or appreciated the consequences of his decision. Accordingly, we conclude that the trial court failed to satisfy the requirements of N.C.G.S. § 15A-1242. See State v. Jackson, ___ N.C. App. ___, ___, 660 S.E.2d 165, 167 (2008) (vacating where the trial court's colloquy presented no indication that the defendant understood the consequences of his decision, the nature of the proceedings, or the range of permissible punishments).
Furthermore, defendant's signed waiver of counsel form does not cure the trial court's failure to comply with the statutory requirements. "A written waiver is something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not . . . an alternative to it." Evans, 153 N.C. App. at 315, 569 S.E.2d at 675 (internal quotation marks omitted). Accordingly, the trial court's judgments revoking defendant's probation are reversed and the matter is remanded for the trial court to determine whether defendant is entitled to the assistance of counsel.
Reversed and remanded.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).