STATE OF NORTH CAROLINA v. ROBERT GREGORY BOYD

No. COA10-51

(Filed 20 July 2010)

**Constitutional Law— right to counsel—initial forfeiture did not carry over to resentencing hearing**

The trial court denied defendant his right to counsel at a resentencing hearing, and defendant was entitled to be resentenced. Defendant's initial forfeiture did not carry over to his resentencing hearing based on the fact that he was appointed counsel to represent him on appeal following his initial conviction, and a new inquiry conducted under N.C.G.S. § 15A-1242 was required in order for defendant to properly waive his right to counsel at the resentencing hearing.

STATE v. BOYD

[205 N.C. App. 450 (2010)]

Appeal by defendant from judgment entered 29 September 2009 by Judge Alma L. Hinton in Halifax County Criminal Superior Court. Heard in the Court of Appeals 26 May 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Kathryn J. Thomas, for the State.*

*Attorney Ryan McKaig, for Defendant.*

ERVIN, Judge.

Defendant Robert Gregory Boyd appeals from a judgment entered by the trial court sentencing him to a minimum term of 21 months and a maximum term of 26 months imprisonment in the custody of the North Carolina Department of Correction based upon his conviction on one count of indecent liberties with a minor. After careful consideration of the record in light of the applicable law, we vacate Defendant's sentence and remand for resentencing.

## I. Factual Background

On 23 May 2007, a warrant for arrest charging Defendant with taking indecent liberties with a child was issued. On 6 August 2007, the Halifax County grand jury returned a bill of indictment charging Defendant with taking indecent liberties with a child.

Defendant was initially represented by Jamal M. Summey; however, Mr. Summey was allowed to withdraw as Defendant's attorney at the 2 June 2008 session of the Halifax County Superior Court as a result of disagreements over strategic issues and communication difficulties, including a refusal to subpoena one superior court judge and file a motion seeking the recusal of another. On 8 July 2008, Jimmie R. "Sam" Barnes was appointed to represent Defendant. On or about 11 August 2008, Mr. Barnes filed a motion seeking to have the case against Defendant continued from the 18 August 2008 session of the Halifax County Superior Court and requesting leave of court to withdraw from his representation of Defendant. Although Mr. Barnes' request for leave to withdraw as counsel for Defendant was denied, this case was continued until the 8 September 2008 session of the Halifax County Superior Court.

At the 8 September 2008 session, this case came on for trial before Judge Quentin T. Sumner. On 8 September 2008, Mr. Barnes filed another withdrawal motion in which he alleged that he had met with Defendant prior to 18 August 2008, at which point "Defendant

was totally uncooperative;" that, at that time, Defendant stated that he did not wish Mr. Barnes to represent him and asked him to move to withdraw; that, at a meeting held in Mr. Barnes' office on 2 September 2008, Defendant stated that "this case was not going to be tried" and that, if Mr. Barnes was unwilling to represent Defendant in the manner in which Defendant wished to be represented, then Defendant did not want Mr. Barnes to represent him; and that Mr. Barnes wished to be relieved of the obligation to represent Defendant. On the same day, Defendant filed a *pro se* motion seeking to have Judge Sumner recused from hearing his case. Judge Sumner denied Defendant's recusal motion, allowed Mr. Barnes' withdrawal motion, informed Defendant that the trial would begin at 2:00 p.m., and told Defendant that he would be representing himself in the event that he was unable to procure counsel.

As a result of the fact that he did not obtain counsel, Defendant proceeded *pro se* at trial, with Mr. Barnes serving as standby counsel. At trial, Defendant's daughter, who was eleven years old at the time of the offense, testified that Defendant touched her vagina while rubbing lotion on her back and legs, at which point the victim told Defendant to stop. After the jury returned a verdict finding Defendant guilty as charged, Judge Sumner sentenced Defendant to a minimum of 21 months and a maximum of 26 months imprisonment in the custody of the North Carolina Department of Correction. Defendant noted an appeal to this Court from the trial court's judgment.

After Defendant gave notice of appeal, Judge Sumner appointed the Office of the Appellate Defender to represent Defendant on appeal. The Office of the Appellate Defender subsequently assigned responsibility for representing Defendant to Ryan McKaig, who represented Defendant throughout the initial round of appellate proceedings in this case.

On appeal, a panel of this Court unanimously found no error at Defendant's trial. More particularly, we found that Defendant had forfeited his right to counsel by refusing to cooperate with either of his appointed attorneys and insisting that his case would not be tried, so that Judge Sumner did not err by failing to either appoint substitute counsel after allowing Mr. Barnes to withdraw or by following the procedures for waiver of counsel specified in N.C. Gen. Stat. § 15A-1242 prior to allowing Defendant to represent himself. However, we ordered that the Defendant be resentenced because Judge Sumner erred in determining that Defendant should be sentenced as a Level III offender in the absence of a stipulation to the

prior record worksheet prepared by the State and of acceptable proof of Defendant's prior record. *State v. Boyd*, —— N.C. App. ——, ——, 682 S.E.2d 463, 469 (2009); *disc. review denied*, —— N.C. ——, 691 S.E.2d 414 (2010).

Defendant appeared before the trial court for resentencing on 29 September 2009. At that time, the following exchange took place between the trial court and the Defendant:

> THE COURT: Mr. Boyd, do you wish to be represented by counsel at the resentencing?
>
> [DEFENDANT]: No.
>
> THE COURT: Mr. Barnes, I am going to appoint you as standby counsel based on the defendant's election to represent himself. Sheriff, would you ask him to sign a waiver indicating that he is going to be representing himself.
>
> [DEFENDANT]: I ain't signing nothing.
>
> THE COURT: Let the record reflect that the defendant has been offered an opportunity to execute a waiver of his rights after he announced to the Court that he wishes to represent himself.

As a result, Defendant represented himself at the resentencing hearing. At the conclusion of that proceeding, the trial court found that Defendant had six prior record points and should be sentenced as a Level III offender. Based upon these findings, the trial court sentenced Defendant to a minimum of 21 months and a maximum of 26 months imprisonment in the custody of the North Carolina Department of Correction. Defendant noted an appeal to this Court from the trial court's judgment.

## II. Legal Analysis

The right to counsel at all critical stages in criminal proceedings is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 23 of the North Carolina Constitution. *State v. McFadden*, 292 N.C. 609, 234 S.E.2d 742 (1977). "[S]entencing is a critical stage of the criminal proceeding at which [a defendant] is entitled to the effective assistance of counsel." *State v. Davidson*, 77 N.C. App. 540, 544, 335 S.E.2d 518, 521, *disc. review denied*, 314 N.C. 670, 337 S.E.2d 583 (1985) (quoting

STATE v. BOYD

[205 N.C. App. 450 (2010)]

*Gardner v. Florida.* 430 U.S. 349, 358, 97 S. Ct. 1197, 1205, 51 L. Ed. 2d 393, 402 (1977)). As a result, an indigent defendant is entitled to be represented at a resentencing proceeding at which he or she is at risk of being sentenced to imprisonment. N.C. Gen. Stat. § 7A-451(a)(1) (2009).[1]

A valid waiver of a criminal defendant's right to the assistance of counsel requires compliance with N.C. Gen. Stat. § 15A-1242, which provides that:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> > (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
> >
> > (2) Understands and appreciates the consequences of this decision; and
> >
> > (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

After a careful review of the transcript, it is clear that no inquiry of the type required by N.C. Gen. Stat. § 15A-1242 occurred in this instance. In fact, the State concedes as much. Instead, the State contends that the trial court was not required to conduct an inquiry pursuant to N.C. Gen. Stat. § 15A-1242 in this case because Defendant's forfeiture of his right to counsel at his original trial carried over to the resentencing proceeding.[2] We do not find the State's argument to be persuasive.

---

1. This Court has held that the threat of imprisonment at a resentencing hearing triggers an absolute right to counsel under the Sixth Amendment and N.C. Gen. Stat. § 7A-451. *State v. Lambert,* 146 N.C. App. 360, 364-65, 553 S.E.2d 71, 75 (2001), *disc. review denied,* 355 N.C. 289, 561 S.E.2d 271 (2002). There is no question but that Defendant was subject to a threat of imprisonment at his resentencing hearing.

2. The State does not contend that Defendant's conduct at the resentencing hearing constitutes independent grounds for finding a forfeiture of the right to counsel. A forfeiture of the right to counsel requires "willful actions on the part of the defendant that result in the absence of defense counsel . . . ." *State v. Quick,* 179 N.C. App. 647, 649-50, 634 S.E.2d 915, 917 (2006) (citing *State v. Montgomery,* 138 N.C. App. 521, 524, 530 S.E.2d 66, 69 (2000). The mere fact that Defendant stated that he did not want to be represented by counsel and refused to sign a written waiver does not rise to the level of conduct that has been held sufficient to constitute a forfeiture of the right to counsel in prior cases. *See Illinois v. Allen,* 397 U.S. 337, 343, 25 L. Ed. 2d 353, 358,

The State has not cited any authority delineating the length of time which a forfeiture of the right to counsel lasts, and we have not found any such authority during our own independent research. Instead, in attempting to argue that Defendant's forfeiture of counsel at trial carried over to his resentencing hearing, the State relies on decisions addressing the duration of waivers of the right to counsel. Such an approach seems reasonable to us, in the absence of more directly relevant authority, and so we adopt that approach for purposes of deciding this case.

"Once given, a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." *State v. Hyatt*, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999) (citing *State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540-41, *cert. denied*, 285 N.C. 595, 206 S.E.2d 866 (1974)). Moreover, "the burden of showing the change in the desire of the defendant for counsel rests upon the defendant." *Watson*, 21 N.C. App. at 379, 204 S.E.2d at 540-41.[3] In this case, we are unable to find a continuous forfeiture of counsel beginning at the time the case was called for trial and continuing until Defendant's resentencing hearing of the type contended for by the State. Instead, a break in the period of forfeiture occurred when counsel was appointed to represent Defendant on appeal following his initial conviction. Thus, under the logic of the waiver decisions upon which the State relies, Defendant affirmatively ended his forfeiture of the right to counsel by accepting the appointment of counsel on appeal following his first trial and allowing appointed counsel to represent him throughout the initial

---

*rehearing denied*, 398 U.S. 915, 26 L. Ed. 2d 80 (1970) (holding that a forfeiture of the right to be present at trial occurred when the defendant tore up his attorney's files and threatened the trial judge); *Quick*, 179 N.C. App. at 650, 634 S.E.2d at 918 (finding a forfeiture of the right to counsel where defendant failed to retain counsel over an eight month period); *Montgomery*, 138 N.C. App. at 525, 530 S.E.2d at 69 (finding a forfeiture of the right to counsel where defendant failed to retain counsel over a fifteen month period, released court-appointed counsel on two different occasions, and was disruptive in the courtroom twice, resulting in continuances of his trial). As a result, we would reject any contention that Defendant's conduct at the resentencing hearing worked a new forfeiture of his right to counsel.

3. The State's reliance upon *State v. Dorton*, 182 N.C. App. 34, 641 S.E.2d 357, *disc. review denied*, 361 N.C. 571, 651 S.E.2d 225 (2007), is misplaced. Although we held in *Dorton* that the trial court was not required to inquire as to whether defendant wanted to withdraw his waiver at a second resentencing hearing held two days after his initial sentencing, the resentencing hearing in that case was held only two days after the initial sentencing hearing, unlike the thirteen month time lapse which is at issue here.

appellate process. For that reason, we conclude that Defendant's forfeiture ended with his first trial and did not continue through the resentencing hearing resulting from our decision stemming from Defendant's prior appeal. Any other result would require the Court to treat the appointment of counsel on appeal as irrelevant to the "duration of forfeiture" analysis, which is something that we are unwilling to do.[4] As a result, since Defendant's initial forfeiture did not carry over to his resentencing hearing, a new inquiry conducted pursuant to N.C. Gen. Stat. § 15A-1242 was required in order for Defendant to properly waive his right to counsel at the resentencing hearing. Since no such inquiry occurred, Defendant was deprived of his right to counsel at the resentencing hearing and is entitled to be resentenced.

VACATED AND REMANDED FOR RESENTENCING.

Judges McGEE and STROUD concur.

_____

4. As an aside, we note that the trial court did not believe that Defendant's forfeiture continued to the resentencing proceeding, since it would not have inquired of Defendant whether he wished to have counsel appointed had it taken that position.