NO. COA13-1104

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

    v.

CHRISTOPHER AARON ROUSE

Pender County
Nos. 10 CRS 050584, 10 CRS 050585


Appeal by defendant from judgments entered 15 March 2013 by Judge Phyllis Gorham in Pender County Superior Court. Heard in the Court of Appeals 9 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Charlene Richardson, for the State.*
>
> *Irons & Irons, P.A., by Ben G. Irons, II, for defendant-appellant.*

ELMORE, Judge.

Christopher Aaron Rouse (defendant) appeals from two judgments entered after a resentencing hearing. Because the denial of defendant's right to counsel at resentencing constitutes structural error, we vacate the trial court's judgments and remand for further proceedings.

On 26 April 2011, defendant pled guilty to five counts of second-degree sexual exploitation of a minor committed in

November of 2009, and to attaining habitual felon status. He was represented at this proceeding by appointed counsel Tonya Turner. As specified in the parties' plea arrangement, the trial court sentenced defendant in the mitigated range to two consecutive active prison terms of 77 to 102 months.

Defendant did not pursue an appeal. In 2012, however, he filed a motion for appropriate relief ("MAR") in superior court challenging, *inter alia*, the calculation of his prior record level ("Level"). The State conceded in response that, owing to an error on the sentencing worksheet, "[d]efendant was sentenced at Level III (5 points), but should have been sentenced at Level II (3 points)." Citing its authority to correct errors of law "on its own motion after entry of judgment[,]" *see* N.C. Gen. Stat. § 15A-1420(d) (2013), the trial court allowed defendant's MAR in part and ordered that his case "be calendared for resentencing without unnecessary delay."

At his resentencing hearing on 15 March 2013, defendant appeared "unrepresented" by counsel.[1] Upon inquiry by the prosecutor and the trial court, defendant acknowledged that he

---

[1]Although the resentencing judgments list the appointed counsel who represented defendant at his plea hearing, Tonya Turner, the transcript of the 15 March 2013 resentencing hearing clearly shows he was brought into court and required to proceed without the assistance of counsel.

had prior misdemeanor convictions for possession of drug paraphernalia, misdemeanor larceny, and domestic criminal trespass, and that these convictions resulted in "three prior [record] points, placing [him] at level two for punishment purposes." Despite the absence of evidence or stipulation, the trial court found as a mitigating factor that defendant has a support system in the community. *See* N.C. Gen. Stat. § 15A-1340.16(e)(18) (2013).[2] After hearing from the parties, the trial court again sentenced defendant to two consecutive mitigated sentences of 77 to 102 months, as provided by his plea agreement. The judgments entered by the trial court at resentencing reflect defendant's Level II status based on three prior record points.

Defendant filed a timely *pro se* notice of appeal on 22 March 2013. The trial court signed appellate entries on 15 April 2013, appointing the Appellate Defender to represent defendant on appeal. After filing the record in this Court, counsel filed a petition for writ of certiorari as an alternative basis for appellate review. While acknowledging

---

[2]Because the pertinent materials are absent from the record on appeal, it is unclear whether this mitigating factor was also found at defendant's original sentencing proceeding in April of 2011. We further note the record on appeal lacks the trial court's written findings of aggravating and mitigating factors at resentencing.

certain technical deficiencies in defendant's notice of appeal, defense counsel asked this Court to review the judgments pursuant to N.C.R. App. P. 21(a)(1), in order to address "constitutional issues" including the violation of defendant's right to counsel at resentencing. The State opposed this Court's issuance of the writ, arguing that denial of counsel is not a cognizable claim on appeal from a guilty plea. *See* N.C. Gen. Stat. § 15A-1444(a1)-(a2), (e) (2013). We note, however, that the State did not move to dismiss defendant's appeal.

Having examined defendant's notice of appeal, we find its contents sufficient to satisfy the jurisdictional requirements of N.C.R. App. P. 4(b). Although defendant lists extraneous file numbers for charges dismissed under his plea agreement[3], his notice of appeal also refers to the relevant file numbers-10 CRS 271, 50584-88-addressed in the resentencing judgments. *See* N.C.R. App. P. 4(b). "[A] mistake in designating the judgment . . . should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be *fairly inferred*

---

[3]Any confusion regarding the file numbers resulted from the trial court's mistaken reference to 09 CRS 53285-89 at resentencing. Defendant called attention to the court's error and noted his objection. The court ultimately corrected its judgments on 27 March 2013 to reflect the correct file numbers in 10 CRS 50584-88. It appears defendant simply exercised due caution in listing both 09 CRS 52385-89 and 10 CRS 50584-88 in his notice of appeal filed 22 March 2013.

from the notice and the appellee is not misled by the mistake." *Stephenson v. Bartlett*, 177 N.C. App. 239, 241, 628 S.E.2d 442, 443 (2006) (citations and quotations omitted). Furthermore, while the notice of appeal fails to designate the court to which his appeal is taken, as required by Rule 4(b), "defendant's intent to appeal is plain, and since this Court is the only court with jurisdiction to hear defendant's appeal, it can be fairly inferred defendant intended to appeal to this Court." *State v. Ragland*, ___ N.C. App. ___, ___, 739 S.E.2d 616, 620, *disc. review denied*, ___ N.C. ___, 747 S.E.2d 548 (2013).

On appeal, defendant argues only that the failure to provide him with counsel at resentencing violated his constitutional and statutory rights under U.S. Const. amend. VI, N.C. Const. art. I, § 23, and N.C. Gen. Stat. § 7A-451(a)(1). The State responds that defendant has no right to appeal the denial of his right to counsel, inasmuch as his guilty plea limited his appellate rights to the issues set forth in N.C. Gen. Stat. § 15A-1444(a1)-(a2), (e) (2011).

As the State observes, the constitutional issue raised by defendant does not fall within his limited right of appeal under N.C. Gen. Stat. § 15A-1444. However, "it is permissible for this Court to review pursuant to a petition for writ of

certiorari during the appeal period a claim that the procedural requirements of [G.S. Chapter 15A,] Article 58 [(Procedures Relating to Guilty Pleas in Superior Court)] were violated." *State v. Rhodes*, 163 N.C. App. 191, 194, 592 S.E.2d 731, 733 (2004).  Although Article 58 does not expressly address the appointment of counsel to assist an indigent defendant who pleads guilty in superior court, we believe a defendant's constitutional right to representation by counsel is implicit in these statutory procedures.  *See* N.C. Gen. Stat. §§ 15A-1012(a), 15A-1022(a)(5) (2013).  We therefore allow defendant's petition for writ of certiorari for the purpose of reviewing his claim.

It is well-established that "sentencing is a critical stage of a criminal proceeding to which the right to . . . counsel applies."  *State v. Davidson*, 77 N.C. App. 540, 544, 335 S.E.2d 518, 521, *writ denied*, 314 N.C. 670, 337 S.E.2d 583 (1985).  Accordingly, "[t]his Court has held that the threat of imprisonment at a resentencing hearing triggers an absolute right to counsel under the Sixth Amendment and N.C. Gen. Stat. § 7A-451.  There is no question but that Defendant was subject to a threat of imprisonment at his resentencing hearing."  *State v. Boyd*, 205 N.C. App. 450, 454 & n.1, 697 S.E.2d 392, 394 & n.1 (2010) (citing *State v. Lambert*, 146 N.C. App. 360, 364-65, 553

S.E.2d 71, 75 (2001)).  Indeed, defendant's plea agreement required that he serve a minimum of twelve years in prison.

The complete denial of counsel is one of the six forms of structural error identified by the United States Supreme Court. *State v. Polke*, 361 N.C. 65, 73, 638 S.E.2d 189, 194 (2006) (citing *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799 (1963)).  "[A] defendant's remedy for structural error is not dependant upon harmless error analysis; rather, such errors are reversible *per se*."  *State v. Garcia*, 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004).  Therefore, we must vacate the trial court's judgments and remand for resentencing.  *Boyd*, at 456, 697 S.E.2d at 396 ("Defendant was deprived of his right to counsel at the resentencing hearing and is entitled to be resentenced.").

Vacated and remanded for resentencing.

Judges McCULLOUGH and DAVIS concur.