DILLON, Judge.
Horace Hamid Kersey ("Defendant") appeals from a judgment entered after a re-sentencing hearing ordered by this Court. The procedural history and evidence at trial are narrated in our opinion filed on 6 October 2015. State v. Kersey, --- N.C. App. ----, 779 S.E.2d 528 (2015) (unpublished). Defendant contends the court erred by failing to make sufficient inquiry into his request for substitution of counsel at the re-sentencing hearing. We disagree.
I. Background
The transcript of the re-sentencing hearing shows that when the matter was called for hearing, Defendant's appointed counsel moved to withdraw, stating that he and Defendant "are unable to agree on any-fact or law whatsoever." The court then allowed Defendant an opportunity to speak, and the following colloquy transpired:
MR. KERSEY: How you doing, Judge? I would like someone that's going to-that's going to represent me that is familiar with my case. Mr. Ross, he's been respectful to me, but at the same time we're not seeing eye to eye. His-you know, what I want and what I'm requesting he has something different, and you know, if you're going to-if I'm going to be represented, I need someone that's going to work with me and that's going to represent me the way that I-
THE COURT: Well, I'm not-I'm not sure what you mean going to represent you. We're simply here to resentence.
MR. KERSEY: Right, but-
THE COURT: How much of an argument can there be about that?
MR. KERSEY: Well, there's some-there's some laws that-that need to be addressed.
THE COURT: What are those laws?
MR. KERSEY: I don't want to say anything, Your Honor, to incriminate myself in any way. I'm just asking that I can be appointed someone that has represented me already.
THE COURT: I'm not-I'm not going to do that.
MR. KERSEY: But I am-you know, I'm-like, I'm very unprepared, and like I said, there are some issues that's going on with my sentence.
THE COURT: Well, you need to tell me what they are because we're going to have a sentencing.
MR. KERSEY: So you're just going to sentence me anyway?
THE COURT: Well, you've got a lawyer. You haven't given me a reason for me to fire him except that you don't like what he's doing, and you want somebody who is familiar with your case.
MR. KERSEY: Well, of all, Your Honor, he-when I first met Mr. Ross, the first thing he-he told me is that he hadn't talked to the district attorn-he had talked to the district attorney. The district attorney was supposed to have some things for him, and he didn't know anything about my case.
THE COURT: I'm sure that's not the case now.
MR. KERSEY: Okay. But then he said, "Apparently, you forgot to sign this worksheet level and-"
THE COURT: You didn't stip-you didn't stipulate to it.
MR. KERSEY: Exactly. I didn't forget to sign anything, and then he said, "Well, would you like stipulate to these charges?" And if he was defending me-a defense attorney is not going to ask the defendant does he want to stipulate-
THE COURT: That's not true. Sometimes they do, and some-
MR. KERSEY: And my situation, Your Honor, it's very true.
THE COURT: Well, but the only way he knows that is to ask you if you'll stipulate to it. Anyway, we're going to go ahead with the sentencing. Anything else you want to say?
MR. KERSEY: Well, we got-okay. Well, Your Honor, just like I-Just like I told Mr. Ross, I'm-you know, my-my whole level sentence was vacated and the only thing that the appellate courts upheld-the only thing they upheld was the lesser included of my charge. Everything else was gone.
THE COURT: I understand.
MR. KERSEY: And like I explained to him, I'm no longer a habitual felon any more.
THE COURT: Well, we'll see how that goes.
MR. KERSEY: And see, that's what I'm saying. There's things in here that me and Mr. Ross didn't even-we didn't even go over that need to be addressed, and-and anytime that there is a resentencing hearing, it's denovo [sic]. That means that it has to be a new determination made. And along with the new determination, by law, you also have to-the judge may consider new additional information by the prosecutor or by the defendant and concern of the offenses-prior offenses. And that's law, and I have that law.
THE COURT: So have you got that evidence?
MR. KERSEY: Yes, I do.
THE COURT: All right, well, then we can proceed.
MR. KERSEY: Well, I brought it to Mr. Ross's attention, and he said that that wasn't true. But the State can do it.
THE COURT: Well, we'll figure out how it works out.
MR. KERSEY: Yeah, that's not fair to me-that's not fair to me.
THE COURT: Why is that not fair to you?
MR. KERSEY: Because if somebody-if you're going to defend me, you-you have to discuss these things with me and tell me, "Okay, well, this is what we're going to do."
THE COURT: It sounds to me, Mr. Kersey, that you don't like what he's telling you.
MR. KERSEY: It's not that-yeah, I don't like what he's telling me.
THE COURT: Okay. Well, maybe he's right and you're wrong.
MR. KERSEY: No, not when I have the law.
THE COURT: Course not. How long have you been practicing law?
MR. KERSEY: I know enough of-about my case and what North Carolina General Statute [sic] say.
THE COURT: Well, I tell you what. Let's just go ahead and see what happens, and if you don't like it, you can enter notice of appeal.
The court then asked Defendant's counsel about his familiarity with the case. Counsel responded that he had reviewed the trial transcript and available documents. Counsel also indicated that he and Defendant had a difference of opinion as to whether Defendant could argue that errors were committed at trial. The court reiterated that it was not going to address trial matters during the sentencing hearing. The court proceeded to receive evidence.
II. Analysis
The right of an indigent defendant to the assistance of counsel is guaranteed by the North Carolina and United States constitutions. State v. McFadden , 292 N.C. 609, 234 S.E.2d 742 (1977). The right to counsel extends to a resentencing proceeding. State v. Boyd , 205 N.C. App. 450, 454, 697 S.E.2d 392, 394 (2010). "A trial court is constitutionally required to appoint substitute counsel whenever representation by counsel originally appointed would amount to denial of defendant's right to effective assistance of counsel, that is, when the initial appointment has not afforded defendant his constitutional right to counsel." State v. Thacker , 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980). Upon a request to discharge counsel, the court is obligated "to inquire into defendant's reasons for wanting to discharge his [attorney] and to determine whether those reasons [are] legally sufficient to require the discharge of counsel." State v. Hutchins , 303 N.C. 321, 335, 279 S.E.2d 788, 797 (1981). "[W]hen it appears to the trial court that the original counsel is reasonably competent to present defendant's case and the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent that defendant, denial of defendant's request to appoint substitute counsel is entirely proper." Thacker , 301 N.C. at 352, 271 S.E.2d at 255. We review the denial of a defendant's request for the appointment of substitute counsel for abuse of discretion. State v. Holloman, 231 N.C. App. 426, 429, 751 S.E.2d 638, 641 (2013).
Defendant contends that the court failed to make a sufficient inquiry into his request to discharge his attorney. He argues that the court disregarded the concerns expressed by Defendant and his attorney. He also submits that the court erroneously required Defendant to engage in hybrid representation by permitting both counsel and Defendant to present arguments for sentencing.
We conclude the court conducted sufficient inquiry to determine the basis for Defendant's desire to discharge counsel. The court allowed Defendant the opportunity to explain why he wanted to discharge counsel. The court's inquiry further revealed that Mr. Ross was familiar with Defendant's file and opinions and that the crux of the disagreement between Mr. Ross and Defendant was over what evidence or arguments should or could be presented at the sentencing hearing. Disagreement over tactics, standing alone, is insufficient to mandate appointment of new counsel. Hutchins, 303 N.C. at 335, 279 S.E.2d at 797. Moreover, the right to assistance of appointed counsel does not "include the privilege to insist that counsel be removed and replaced with other counsel merely because defendant becomes dissatisfied with his attorney's services." State v. Sweezy, 291 N.C. 366, 371, 230 S.E.2d 524, 528 (1976). Nothing in the record suggests that counsel was not reasonably competent or that the nature of the conflict was such as to render counsel incompetent or ineffective to represent Defendant.
We further note that after the court denied the motion to withdraw, counsel presented evidence in support of mitigating factors and arguments on Defendant's behalf in support of a sentence at the lowest end of the mitigated range. In accordance with Defendant's instructions, counsel refused to stipulate to the prior convictions and prior record level. Counsel also articulated Defendant's personal contentions, and requested the court to allow Defendant to address the court regarding any other arguments Defendant desired to make. The court allowed counsel's request. We fail to perceive how Defendant was prejudiced by being allowed to address the court and plead his case.
We hold the court properly denied counsel's motion to withdraw. Accordingly, we affirm the judgment.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA concur.