IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-181

No. COA20-332

Filed 4 May 2021

Halifax County, No. 96 CRS 328

STATE OF NORTH CAROLINA,

v.

ROBERT STEVENSON DOISEY, Defendant.

Appeal by Defendant from judgment entered 7 January 2020 by Judge Josephine K. Davis in Halifax County Superior Court. Heard in the Court of Appeals 23 February 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Sean P. Vitrano for Defendant-Appellant.*

GRIFFIN, Judge.

¶ 1    Defendant Robert Stevenson Doisey appeals from a judgment entered upon resentencing for two counts of first-degree statutory sex offense. Defendant argues that he is entitled to a new sentencing hearing because the trial court failed to ensure that Defendant validly waived his right to counsel prior to the resentencing hearing. After careful review, we vacate the trial court's judgment and remand for resentencing.

**I. Factual and Procedural Background**

In April 1997, Defendant was convicted of two counts of first-degree statutory sex offense and sentenced as a prior record level IV to 339-416 months in prison. On 9 December 2019, Defendant filed a *pro se* Motion for Appropriate Relief ("MAR") with the trial court, arguing that he was improperly sentenced as a prior record level IV and that he should have been sentenced as a prior record level III.

This matter was heard on 7 January 2020 in Halifax County Superior Court. Prior to the hearing, the following colloquy occurred between the trial judge and Defendant:

> THE COURT: Good morning, Mr. Doisey. We are here in file number 96-CRS-328 through 331. I have had an opportunity to review your Motion for Appropriate Relief regarding resentencing. Before we begin, I wanted to know if you want to continue to represent yourself in this matter, or were you asking for assistance from counsel?
>
> THE DEFENDANT: I will represent myself.
>
> THE COURT: Yes, sir. And I am not sure if you have previously signed any documentation indicating that you were representing yourself in this matter.
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: If I could just get you just to sign a waiver indicating that you were apprised of your right to have counsel assist you in this matter, or represent you in this matter, and that you are indicating that you would like to represent yourself.
>
> (Pause while [D]efendant signed document)

. . . .

The trial court then proceeded with the hearing.

During the hearing, the State conceded that Defendant's prior conviction for misdemeanor escape was misclassified as a felony when Defendant was originally sentenced. Accordingly, Defendant should have been sentenced as a prior record level III instead of IV. The trial court then entered a judgment resentencing Defendant as a prior record level III to a term of 336-413 months' imprisonment. Defendant provided written notice of appeal.

## II. Analysis

Defendant argues that he is entitled to a new sentencing hearing because the trial court failed to ensure that he validly waived his right to counsel prior to the resentencing hearing. We agree.

"The right to counsel at all critical stages in criminal proceedings is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 23 of the North Carolina Constitution." *State v. Boyd*, 205 N.C. App. 450, 453, 697 S.E.2d 392, 394 (2010) (citing *State v. McFadden*, 292 N.C. 609, 234 S.E.2d 742 (1977)). "It is well-established that sentencing is a critical stage of a criminal proceeding to which the right to . . . counsel applies." *State v. Rouse*, 234 N.C. App. 92, 95, 757 S.E.2d 690, 692 (2014) (citation and internal quotation marks omitted). "Accordingly, [t]his Court has held that the threat of imprisonment at a

resentencing hearing triggers an absolute right to counsel under the Sixth Amendment and N.C. Gen. Stat. § 7A-451." *Id.*; *see also Boyd*, 205 N.C. App. at 454, 697 S.E.2d at 394 ("[A]n indigent defendant is entitled to be represented at a resentencing proceeding at which he or she is at risk of being sentenced to imprisonment." (citation omitted)).

Once the constitutional right to counsel is triggered, a defendant may waive his right to counsel and elect to represent himself only after the trial court ensures that the defendant's waiver is valid pursuant to N.C. Gen. Stat. § 15A-1242, which provides:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2019). "The provisions of N.C. Gen. Stat. § 15A-1242 are mandatory where the defendant requests to proceed *pro se*[,]" and "[t]he execution of

a written waiver is no substitute for compliance by the trial court with the statute." *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations omitted).

¶ 8    N.C. Gen. Stat. § 15A-1242 and our caselaw construing its requirements clearly demand more than the surface inquiry conducted by the trial court in this case. *See Boyd*, 205 N.C. App. at 453-54, 697 S.E.2d at 394-95. For example, in *Boyd*, this Court held that the following colloquy between the trial court and a defendant during a resentencing hearing did not amount to a valid waiver:

> THE COURT: Mr. Boyd, do you wish to be represented by counsel at the resentencing?
>
> [DEFENDANT]: No.
>
> THE COURT: Mr. Barnes, I am going to appoint you as standby counsel based on the defendant's election to represent himself. Sheriff, would you ask him to sign a waiver indicating that he is going to be representing himself.
>
> [DEFENDANT]: I ain't signing nothing.
>
> THE COURT: Let the record reflect that the defendant has been offered an opportunity to execute a waiver of his rights after he announced to the Court that he wishes to represent himself.

*Id.*

¶ 9    As in *Boyd*, the trial court in this case asked Defendant, "I wanted to know if you want to continue to represent yourself in this matter, or were you asking for assistance from counsel?" Defendant replied that he wished to proceed *pro se*, and

the trial court requested that Defendant sign a form waiving his right to counsel. The trial court conducted no further inquiry before proceeding with the hearing. Absent a more searching inquiry, we conclude that the colloquy between Defendant and the trial court did not comply with the requirements of a valid waiver under N.C. Gen. Stat. § 15A-1242.

¶ 10 The State's primary argument on appeal is that the trial court erred by granting Defendant's MAR because the MAR was procedurally barred based upon his prior appeal and several prior MARs. In fact, the State "concedes the trial court erred by granting Defendant's MAR. The trial court did not err however by awarding Defendant the remedy he sought."

¶ 11 We cannot consider the State's argument for two reasons. First, the State did not cross-appeal the trial court's ruling granting the MAR by filing a petition for review by certiorari pursuant to N.C. Gen. Stat. § 15A-1422(c)(3). The State may seek discretionary appellate review of an order granting an MAR but did not do so here. *See State v. Stubbs*, 368 N.C. 40, 43, 770 S.E.2d 74, 76 (2015) ("[G]iven that our state constitution authorizes the General Assembly to define the jurisdiction of the Court of Appeals, and given that the General Assembly has given that court broad powers 'to supervise and control the proceedings of any of the trial courts of the General Court of Justice,' [N.C. Gen. Stat.] § 7A-32(c) [(2014)], and given that the General Assembly has placed no limiting language in subsection 15A-1422(c)

regarding which party may appeal a ruling on an MAR, we hold that the Court of Appeals has jurisdiction to hear an appeal by the State of an MAR when the defendant has won relief from the trial court."). Second, the State did not oppose Defendant's MAR before the trial court. The State did not raise any argument before the trial court regarding a procedural bar and instead agreed Defendant should be resentenced. Because the State did not raise its arguments before the trial court and did not advise the trial court of Defendant's prior MAR proceedings, we cannot consider this argument on appeal. *See* N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."); *see also State v. Canady*, 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991) ("The purpose of [Rule 10(a)(1)] is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal." (citations omitted)).

¶ 12          Lastly, although the State also concedes that Defendant "had a statutory right to counsel at the hearing on his MAR[,]" it argues that Defendant did not have "a constitutional right to counsel at a postconviction hearing on his MAR." The State contends that because Defendant only had a statutory right to counsel, Defendant must show prejudice resulting from the trial court's failure to ensure that Defendant

validly waived his right to counsel during the post-MAR resentencing hearing. *See* N.C. Gen. Stat. § 15A-1443(a) (2019) ("A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.").

¶ 13 We find this argument uncompelling. As previously discussed, "the threat of imprisonment at a resentencing hearing triggers an absolute right to counsel under the Sixth Amendment and N.C. Gen. Stat. § 7A-451." *Rouse*, 234 N.C. App. at 95, 757 S.E.2d at 692 (citation and internal quotation marks omitted). This right is triggered regardless of whether the resentencing hearing is conducted pursuant to an MAR or not. *Id.* Indeed, this Court has previously held that a defendant's constitutional right to counsel attaches at a resentencing hearing held pursuant to a granted MAR. *See id.* at 93, 95, 757 S.E.2d at 691-92 (holding that a criminal defendant had a constitutional right to counsel during a resentencing hearing held pursuant to an MAR where the defendant was improperly sentenced as a prior record level III instead of a prior record level II).

¶ 14 Because a constitutional right to counsel attaches at a resentencing proceeding, Defendant is not required to show prejudice resulting from the trial court's failure to ensure that he validly waived his right to counsel. *Boyd*, 205 N.C. App. at 452-54, 697 S.E.2d at 393-94. In *Boyd*, for example, the defendant was

serving a term of 21-26 months' imprisonment at the time of the resentencing hearing. *Id.* at 452-53, 697 S.E.2d at 393-94. After the hearing, the trial court verified the defendant's prior record level but left the defendant's original prison sentence intact. *Id.* at 453, 697 S.E.2d at 394. Nonetheless, this Court vacated the trial court's judgment and remanded the case for resentencing, holding that the trial judge did not ensure that the defendant validly waived his right to counsel prior to the resentencing proceeding as required by the Sixth Amendment of the U.S. Constitution and N.C. Gen. Stat. § 15A-1242. *Id.* at 453-54, 456, 697 S.E.2d at 394-96.

¶ 15   Here, Defendant was similarly serving a prison sentence at the time of the resentencing proceeding. After concluding that Defendant was improperly sentenced as a prior record level IV instead of III, the trial court reduced Defendant's original sentence by three months. As in *Boyd*, we conclude that Defendant's Sixth Amendment right to counsel attached at the resentencing hearing. Accordingly, Defendant need not show prejudice resulting from the trial court's failure to ensure that he validly waived his right to counsel pursuant to N.C. Gen. Stat. § 15A-1242.

### III. Conclusion

¶ 16   For the reasons stated herein, we conclude that the trial court failed to ensure that Defendant validly waived his right to counsel as required by N.C. Gen. Stat. §

15A-1242.   Accordingly, we vacate the trial court's judgment and remand for resentencing.

VACATED AND REMANDED FOR RESENTENCING.

Chief Judge STROUD and Judge MURPHY concur.